Day, J.
The question to be considered in this case arises on demurrer to the petition in the original action. The *30 Court of Common Pleas sustained the demurrer, and rendered judgment in favor of the defendants. This judgment was affirmed by the District Court. To reverse these judgments, this petition in error is prosecuted here.
The action was brought on the 16th day of March, 1868, on a sheriff’s bond, against the sheriff and his sureties. The plaintiff avers in his petition, that he caused an execution to be issued on a judgment in his favor, which was placed in the hands of the sheriff, who made return thereon, that on the 14th day of July, 1855, he made the sum of $160.10, in part satisfaction thereof. He further avers that on the 11th day of December, 1867, he demanded of the sheriff the money so made on the execution, which he refused to pay.
Judgment was rendered, on demurrer to the petition, in favor of the defendants, on the ground, it is said in argument, that the action was barred by the statute of limitations.
It is clear that the demurrer could not have been sustained on the common law presumption of payment, for a sufficient period had not elapsed to raise that presumption. "Was the action barred by .the statute of limitations? Cinder the ruling in Sturges v. Marshall, 8 Ohio St. 215, this question may be made by demurrer upon the facts stated in the petition.
The 17th section of the code provides, that an action on a sheriff’s bond, “ can only be brought within ten years after the cause of action shall have accrued.” The statute, then, begins to run at the time the cause of action accrues. It is well settled in this state, that a right of action does not accrue, nor the statute of limitations begin to run against a sheriff, having moneys in his hands collected on execution, until it has been demanded. The State v. Newman’s Ex’rs, 2 Ohio St. 567; King v. Nichols, 16 Ohio St. 80.
There is nothing whatever on the face of the petition, except the mere lapse of time, tending to show a demand until the 11th day of December, 1867, when it is averred to have been made. ■ The action was brought within a few *31 months after this demand. There was, then, no statutory bar of the action, unless it be assumed from the mere lapse of time, that, for some reason, the statute began to run ten years before the commencement of the action. If so, it began to run within less than three years from the time the money came to the sheriff’s hands. We can not hold that it began to run at that time without presuming from the lapse of that short period of time merely that a demand had been made, which we do not feel justified in doing. If there was in fact a demand, or any special circumstances that would have the effect to set the statute running, they should be set up by answer.
It is urged that if no demand is made within the period to which the action is limited, the statutory bar will take effect, by reason of the laches of the party in delaying a demand beyond a reasonable time. This would be equivalent to holding, that the statute began to run when a demand might have been made, although no right of action had accrued by actual demand.
There are, however, strong reasons for requiring the party having the right to make the demand, to assert his right in a reasonable time, so that the statute may be set in operation for the benefit of the other parties, who may avail themselves of meritorious defenses if the action is not unreasonably delayed.
Angelí, in his Treatise on Limitations (sec. 96), in speaking of cases where the statute begins to run, from the time of demand, says: “ The demand must be made, however, in a reasonable time from the time of the date. What is to be considered a reasonable time for this purpose does not appear to be settled by any precise rule, and must depend on circumstances. If no cause for delay can be shown, it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action. -There is the same reason for hastening the demand, that there is for hastening the commencement of the action.”
Since, then, it is settled in this state, that the statute be *32 gins to run, in cases like this, from the time of demand, it would be but reasonable to hold, in the absence of other special circumstances, where no demand is shown to have been made within the statutory period for bringing the action, that, for the purpose of setting the statute in operation, a demand will be presumed at the expiration of that period, from which time the statute will begin to run. This, it is believed, is in accordance with the weight of authority on the subject. Thall v. Mead's Estate, 40 Vt. 540; Thorpe v. Booth, R. & M. (21 E. C. L. Rep.) 468; Topham v. Braddick, 1 Taunt. 571; Codman v. Rogers, 10 Pick. 112.
It follows that the Court of Common Pleas erred in sustaining the demurrer to the petition, and in rendering judgment for the defendants; and that the District Court erred in affirming the judgment of the Common Pleas. Both judgments must be reversed, tbe demurrer overruled, and the cause remanded to the Common Pleas for farther proceedings.